IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CENTER FOR BIOLOGICAL
DIVERSITY, et al.,

        Plaintiffs,

                              Civil Action 2:17-cv-372
   v.                           Judge Michael H. Watson
                              Magistrate Judge Jolson

UNITED STATED FOREST
SERVICE, et al.,

        Defendants.

## ORDER

This lawsuit challenges the approval of oil and gas leasing and the issuance of oil and gas leases on public lands in the Wayne National Forest. (*See* Doc. 24). American Petroleum Institute ("API") and Independent Petroleum Association of America ("IPAA") (collectively, the "Association") have filed a Motion to Intervene as Defendants. (Doc. 38). The Association is seeking intervention as a matter of right or, alternatively, permissive intervention. (*Id*. at 4, 15).

The Federal Rules of Civil Procedure allow intervention of right for any party that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed R. Civ. P. 24(a)(2). The proposed intervenor must meet four criteria before intervention by right is permitted: (1) the application for intervention must be timely; (2) the applicant must have a substantial legal interest in the subject matter of the pending litigation; (3) the applicant's ability to protect that interest must be impaired absent intervention; and (4) the present parties do not adequately represent the applicant's interest. *United States v. Michigan*, 424 F.3d 438, 443 (6th

1

Cir. 2005).

The Association has met the criteria required to intervene. As an initial matter, the Association's Motion to Intervene is timely because it was filed in the initial stage of this case. *See State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). The Association has demonstrated that its members have a substantial legal interest in this litigation that will be impaired if intervention is denied. Specifically, the Association has demonstrated that this case impacts its members' existing leases, support services on existing leases, and future leases. (*See* Doc. 38 at 6); *Miller*, 103 F.3d at 1245–46 (observing that "[t]his circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right" and the burden of showing impairment is "minimal"). Finally, the present parties do not adequately represent the more narrow interests of the Association's members. (Doc. 38 at 14); *Miller*, 103 F.3d 1237 (noting that this "minimal" burden does not require one to demonstrate that "the representation will in fact be inadequate").

Defendants have taken no position on the Motion. (*See* Doc. 38 at 2). Plaintiffs filed a response indicating that they will not oppose the Motion on the condition that the Association "be required to coordinate with Federal Defendants so as to avoid duplicative briefing and motions in the litigation of this case." (Doc. 48 at 2). Plaintiffs indicate that the Association has "agree[d] to this condition on intervention." (*Id.*). The Court, in its discretion, finds the proposed condition to be reasonable.

Based upon the foregoing, the Motion to Intervene is **GRANTED**. (Doc. 38). Additionally, it is **ORDERED** that the Association be limited to filing separate motions, responsive filings, or briefs only to raise arguments or issues that the original Defendants fail to include in their filings. The Association shall also certify compliance with this condition in

conjunction with each filing. The case management plan established by the Court's August 17, 2017, Order remains in place.

IT IS SO ORDERED.


Date: September 29, 2017                              s/ Kimberly A. Jolson
                                                     Kimberly A. Jolson
                                                     United States Magistrate Judge