ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

BRIDGET K. McNEIL (CO Bar 34299)
Senior Trial Attorney
Wildlife and Marine Resources Section
999 18th St., South Terrace, Suite 370
Denver, Colorado 80202
Ph: 303-844-1484
bridget.mcneil@usdoj.gov

JOHN P. TUSTIN (TX 24056458)
Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Ph: 202-305-3022
john.tustin@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, HEARTWOOD, OHIO ENVIRONMENTAL COUNCIL, SIERRA CLUB )<br><br>Plaintiffs, )<br><br>vs. )<br><br>U.S. FOREST SERVICE, *et al*. )<br><br>Federal Defendants; and )<br><br>AMERICAN PETROLEUM INSTITUTE, *et al.* )<br><br>Intervenor Defendants. ) | Civ. No. 2:17-cv-372<br><br>Judge Michael H. Watson<br>Magistrate Judge Kimberly A. Jolson<br><br>**FEDERAL DEFENDANTS' NOTICE OF SATISFACTION ON REMAND** |

Federal Defendants notify the Court and Parties that the Bureau of Land Management (BLM), U.S. Forest Service (USFS), and U.S. Fish and Wildlife Service (USFWS) completed additional analyses in satisfaction of the Court's March 13, 2020 Order, March 8, 2021 Order, and March 9, 2021 Judgment. ECF Nos. 110, 118, 119.

BLM's Eastern States Office completed a Supplemental Environmental Assessment (EA) in April 2025 for oil and gas leasing and permitting on the Wayne National Forest. Ex. 1. The EA expressly considered the deficiencies identified in the Court's summary judgment and remedy orders. *See, e.g.*, Ex. 1 at 1-10 to 1-11 (introduction), 1-16 to 1-17 (purpose and need), 3-35 (summarizing areas of deficiency identified by the Court); Ex. 1, Appx. A (Courts' two orders). On April 17, 2025, BLM issued a Finding of No Significant Impact and Decision Record. Ex. 2 and Ex. 3. Later that day, USFS affirmed its prior consent authorizations for the 65 previously issued oil and gas leases on the Forest which relied on the challenged 2016 environmental assessment. Ex. 4.

BLM also completed a Biological Assessment in conjunction with the Supplemental EA. Ex. 1, Appx. G. The Biological Assessment is BLM's Tier 1 programmatic analysis that identifies species listed and proposed for listing under the Endangered Species Act (ESA) that could be affected by proposed oil and gas development and identifies avoidance and minimization measures designed to prevent adverse effects. Ex. 1, Appx. G at 5; *see also* Ex. 1 at 4-2. When BLM analyzes individual projects at the Application for Permit to Drill (APD) stage and pursuant to the Forest Plan, BLM is responsible for reinitiating consultation and providing USFWS with additional site-specific information; this process is called Tier 2 consultation. Ex. 1 at 4-2. USFWS concurred with BLM's Tier 1 Section 7 determinations in an April 15, 2025 memorandum. Ex. 5.

*Fed. Defs.' Notice of Satisfaction* 1

The Court's remedy order and judgment stated, "this Order shall remain in effect until Agency Defendants complete their NEPA analysis in accordance with this Court's previous Opinion and Order, document number 110." ECF No. 118 at 11; ECF No. 119. Federal Defendants completed the requisite analysis in accordance with the Court's opinions and order, and thus satisfied the Court's order and judgment. Any challenges to the new analysis completed on remand must be brought in a new suit. *See SecurityPoint Holdings, Inc. v. TSA*, 836 F.3d 32, 38 (D.C. Cir. 2016) ("[W]hen a court remands a case based on agency error without retaining jurisdiction, the case is terminated" and the "outcome on remand ... can be challenged" through a new action.); *Heartland Reg'l Med. Ctr. v. Leavitt*, 415 F.3d 24, 30 (D.C. Cir. 2005) (plaintiff's challenge to the agency's decision after remand "must be made in [the plaintiff's] separate APA action challenging [the agency's] post-remand decisions").

BLM estimates that ground disturbing activities could begin in August 2025. This estimate assumes that operators promptly submit APDs and is based on BLM's regulations for approval of operations (43 C.F.R. § 3171.12) which allow BLM 30 days to respond to an APD by either approving it, deferring it, or denying it if it cannot be approved. *Id.* § 3171.12(b)(2). Deferral occurs when applications are incomplete, as is common, or when, as here, Tier 2 consultation with USFWS for a site-specific approval is required and cannot be completed within the original 30-day period. *See id.*; Ex. 1 at 2-25 and 4-2; Ex. 5 (Tier 2 consultation). On average, it takes BLM's Eastern States Office 76 days to approve a complete an APD application.[1] If lessees or operators opt to proceed under alternative procedures for expedited informal

---

[1] *See* BLM's "Automated Fluid Minerals Support System" database, available at https://afmss.blm.gov/afmss-gateway-ui/.

*Fed. Defs.' Notice of Satisfaction*                                                                2

consultation, as announced on April 23, 2025 (Ex. 6), ground disturbing activities could begin approximately two weeks earlier (mid-July).

Respectfully submitted on this 29th day of April, 2025,

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

BRIDGET K. McNEIL (CO Bar 34299)
Senior Trial Attorney
Wildlife and Marine Resources Section
999 18th St., Suite 370
Denver, Colorado 80202
Ph: 303-844-1484
bridget.mcneil@usdoj.gov

*/s/ John P. Tustin*
JOHN P. TUSTIN
Senior Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Ph:202-305-3022
john.tustin@usdoj.gov

*Attorneys for Federal Defendants*