**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Center for Biological Diversity, *et al.*,**

**Plaintiffs,**

**v.**

**U.S. Forest Service, *et al.*,**

**Defendants.**

**Case No. 2:17-cv-372**

**Judge Michael H. Watson**

**Magistrate Judge Jolson**

## OPINION AND ORDER

The Center for Biological Diversity ("the Center"), Heartwood, Ohio Environmental Council ("OEC"), and the Sierra Club (together, "Plaintiffs") move to enforce the injunctions set forth in the Court's March 2021 Opinion and Order, ECF No. 118, against the United States Forest Service ("USFS") and the United States Bureau of Land Management ("BLM," and, together with USFS, "Agency Defendants")[1]. Mot., ECF No. 144. The motion is ripe for review. ECF Nos. 149–152.

For the reasons below, Plaintiffs' motion to enforce the injunctions, ECF No. 144, is **DENIED**.

---

[1] Plaintiffs also brought this action against the United States Fish and Wildlife Service ("FWS"), Vicki Christiansen in her official capacity as Chief of USFS, William Perry Pendley in his official capacity as acting director of BLM, and Aurelia Skipwith in her official capacity as director of FWS (together with Agency Defendants, "Defendants"). Intervenor Defendants are American Petroleum Institute ("API") and Independent Petroleum Association of America ("IPAA," together, "Intervenor Associations"), as well as Eclipse Resources I, LP ("Eclipse").

# I. BACKGROUND

The Court adopts and incorporates the facts and procedural history as discussed in its previous Opinion and Order, ECF No. 110.

Relevant here, in March 2020, this Court previously found that Agency Defendants violated the National Environmental Policy Act ("NEPA") when they failed to take the requisite "hard look" at the impacts of fracking in Wayne National Forest ("WNF") before deciding to grant oil and gas leases. ECF No. 110. Specifically, this Court found that:

> [A]t the decision-to-lease phase, USFS and BLM failed to take a hard look at the impacts of fracking in the WNF, including: (1) surface area disturbance, (2) cumulative impacts on the Indiana Bat and the Little Muskingum River, and (3) impacts on air quality.

*Id.* at 71.

Over a year later, the Court imposed the following remedies:

> 1. **REMANDS** BLM's 2016 EA and corresponding FONSI and USFS's consent to lease to undergo revised NEPA analysis;
>
> 2. **ENJOINS** BLM from issuing any new APDs for development of leases at issue and raised in Plaintiffs' Complaint during the pendency of the NEPA review on remand;
>
> 3. **ENJOINS** water withdrawal from the Little Muskingum River for any drilling that is occurring pursuant to the already approved APD on the leased parcels; and
>
> 4. **ENJOINS** any further surface disturbing activities on the leased parcels pending a decision on remand.
>
> This Order shall remain in effect until Agency Defendants complete their NEPA analysis in accordance with this Court's previous Opinion and Order, ECF No. 110. The Clerk is **DIRECTED** to enter final judgment and close this case.

ECF No. 118 at 11.

Four years later, in April 2025, Defendants filed a notice of satisfaction of remand, asserting that they completed the additional analysis in accordance with the Court's prior orders, ECF Nos. 110, 118. ECF No. 141 at PAGEID # 7870. They went on to explain that their supplemental environmental assessment (the "April 2025 EA") "expressly considered the deficiencies identified in the Court's summary judgment and remedy orders." *Id.* Defendants contend that, because they have satisfied the Court's orders, any challenge to the April 2025 EA must be brought in a new suit; Defendants further state that they will resume "ground disturbing activities in August 2025." *Id.*

Over seven months later, Plaintiffs moved to enforce the 2021 injunctions, arguing that Agency Defendants still failed to take a "hard look" during their new analysis. ECF No. 144. Defendants and Intervenor Defendants oppose the motion, ECF Nos. 149–151, and Plaintiffs have replied, ECF No. 152.

## II. MOTION TO ENFORCE INJUNCTION

As an initial matter, Defendants argue that the Court did not retain jurisdiction over the case after remand, and any challenge to the April 2025 EA must be filed in a new action. ECF No. 149 at PAGEID # 9354. The Court agrees.

"[W]hen a court remands a case based on agency error *without* retaining jurisdiction, the case is terminated." *Ackerman Bros. Farms, LLC v. United States Dep't of Agric.*, No. 1:17-cv-11779, 2025 WL 1513950, at *4 (E.D. Mich.

May 28, 2025) (citing *SecurityPoint Holdings, Inc. v. Transp. Sec. Admin.*, 836 F.3d 32, 38 (D.C. Cir. 2016)). Whether a court retained jurisdiction when remanding a case to an agency dictates how a court treats a challenge to the remand proceeding. *Id.* (citing *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993)). "Indeed, when a court does not retain jurisdiction over a remanded agency case, a party must file a 'separate piece of litigation'—even if impractical or inefficient—to challenge the agency's action on remand." *Id.* (citation omitted).

Here, the Court's March 2021 Opinion and Order remanded the case to Agency Defendants to perform a NEPA analysis that takes a "hard look" at the identified deficiencies. ECF No. 118. The Order did not retain jurisdiction. *See generally id.* So, Plaintiffs' challenge to the April 2025 EA must be brought in a new action. *Ackerman Bros. Farms, LLC*, 2025 WL 1513950 at *4.

Plaintiffs argue that it is of no consequence that the Court did not retain jurisdiction. Plaintiffs argue that, unlike in *Ackerman*, the Court imposed several injunctions in this case, and the Court inherently retains jurisdiction to enforce its injunctions. ECF No. 152 at PAGEID # 9398. But their argument does not persuade.

The Court enjoined specific activities: (1) BLM from issuing new APDs *during the pendency* of the NEPA review on remand; (2) withdrawing water from the Little Muskingum River for drilling that occurs pursuant to the previously approved APD; and (3) further surface disturbing activities on the leased parcels *pending a decision on remand*. Plaintiffs are largely dissatisfied with Agency

Defendants' analysis and/or the data the Agency Defendants relied on for the April 2025 EA, but Plaintiffs notably do not argue that Agency Defendants took any of the above three actions. Mot., ECF No. 144. As such, Plaintiffs do not actually argue that Agency Defendants violated the Court's injunctions. Again, they merely challenge the sufficiency of Agency Defendants' new analysis.

This does not suggest that Plaintiff's complaints are meritless. The Court holds only that it did not retain jurisdiction, so the appropriate place to argue those alleged deficiencies is in a new action.

## III. CONCLUSION

For these reasons, Plaintiffs' motion to enforce the injunctions, ECF No. 144, is **DENIED**.

The Court's injunctions established in its March 2021 Order, ECF No. 118, are hereby **LIFTED**.

The Clerk **SHALL** terminate ECF No. 144 as a pending motion. Any new action challenging the April 2025 EA is based on a new set of facts and therefore **SHALL NOT** be marked as related to this case.

**IT IS SO ORDERED.**

Michael H. Watson

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**